**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

MILTON RICKMAN,

    *Plaintiff,*                                CASE NO. 11-CV-13079

v.                                           DISTRICT JUDGE AVERN COHN
                                              MAGISTRATE JUDGE CHARLES BINDER

MICHELINE TANTCHOU, M.D.;
SCOTT FRIESORGER;
JEFF SHAW;

    *Defendants*.
_____/

**REPORT AND RECOMMENDATION SUGGESTING
*SUA SPONTE* DISMISSAL OF DEFENDANT TANTCHOU**

**I.**     **Report**

    By order of U.S. District Judge Avern Cohn, this *pro se* prisoner civil rights case was referred to the undersigned magistrate judge for general case management on August 22, 2011. (Doc. 7.)

    Federal rules provide when a plaintiff is proceeding *in forma pauperis*, as is the case here, the U.S. Marshal, upon order of the Court, shall serve the summons and the complaint upon each defendant. Fed. R. Civ. P. 4(c)(3). However, where a *pro se* plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's *sua sponte* dismissal of the unserved defendant is appropriate. *Walker v. Sumner*, 14 F.3d 1415, 1421-22 (9th Cir. 1994).

    This case was filed more than eight months ago, and service on Defendant Tantchou has still not occurred. Plaintiff stated in his complaint that Dr. Tantchou was employed at the St. Louis Pine River Correctional Facility. (Compl., Doc. 1 ¶ 9.) On August 22, 2011, Magistrate Judge R.

Steven Whalen directed the U.S. Marshal to serve process on Defendant Tantchou. (Doc. 8.) The next docket entry relating to Defendant Tantchou is dated November 2, 2011, and states that the U.S. Marshal made a second attempt to serve Defendant Tantchou by mailing the complaint to a new address that was provided by the Michigan Department of Corrections ("MDOC"). The waiver was not returned and no appearance was filed on behalf of Defendant Tantchou, so on January 5, 2012, the undersigned ordered the U.S. Marshal to personally serve Defendant Tantchou at the address provided by the MDOC. (Doc. 20.) Chambers staff was notified by the Marshal's office that personal service at that address failed because the address was the headquarters of Corizon Health, and Corizon stated that they will not accept service because Defendant Tantchou is not an employee of Corizon.

On January 30, 2012, Plaintiff was ordered to show cause why the claims against Defendant Tantchou should not be dismissed for failure to serve process. (Doc. 21.) Plaintiff responded and filed a motion to serve Defendant Tantchou at a new address Plaintiff provided. (Doc. 26.) The motion was granted and the Marshal's office was directed to serve process at the new address. (Doc. 27.) On March 22, 2012, the Marshal attempted service at the new address but was unsuccessful. An employee at that location stated that Defendant Tantchou no longer works there and that they have "no forwarding information." (Doc. 29.)

Much effort has been expended to locate Defendant Tantchou and accomplish service, but with no success. Ultimately, however, it is Plaintiff's responsibility to provide the Court with an address at which each defendant can be served and the Court is not in a position to use its resources to investigate the current location of a person against whom a *pro se* litigant wishes to bring a federal court action.

**II.     Recommendation**

Accordingly, I suggest that Defendant Tantchou be *sua sponte* dismissed from the case without prejudice.

**III.    Review**

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation.

*Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

                                                        s/ *Charles E. Binder*
                                                        CHARLES E. BINDER
Dated: March 23, 2012                          United States Magistrate Judge

**CERTIFICATION**

I hereby certify that this Report and Recommendation was electronically filed this date, electronically served on Joshua Marcum, and served by first class mail on Milton Rickman, #252749, Chippewa Correctional Facility, 4269 W. M-80, Kincheloe, MI, 49784-1634.

Date:  March 23, 2012                     By     s/*Jean L. Broucek*
                                                   Case Manager to Magistrate Judge Binder