UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


MILTON RICKMAN,

     Plaintiff,

v.                                                          Case No. 11-13079

MICHELINE TANTCHOU, M.D.,                    HON. AVERN COHN
SCOTT FRIESORGER, and
JEFF SHAW,

     Defendants.

_____/

## ORDER OVERRULING PLAINTIFF'S OBJECTIONS (Doc. 36)

I.

This is a prisoner civil rights case under 42 U.S.C. § 1983.  Plaintiff, proceeding pro se, claimed that defendants violated his constitutional rights under the First, Eighth, and Fourteenth Amendments.  Plaintiff's claims stemmed from having his medical detail for a double mattress removed.  Plaintiff sued Micheline Tantchou (Tantchou), a physician, alleging she improperly removed the medical detail.  Plaintiff also sued Scott Friesorger (Friesorger) and Jeff Shaw (Shaw), employees of the Michigan Department of Correction (MDOC), alleging they conspired to have his double mattress taken away in retaliation for an earlier grievance plaintiff filed against Shaw.

II.

The matter was referred to a magistrate judge for all pretrial proceedings, before whom Friesorger and Shaw filed a summary judgment motions on the grounds that

plaintiff had failed to exhaust his administrative remedies as to them.  (Doc. 11).

The magistrate judge issued a report and recommendation (MJRR) recommending that Friesorger and Shaw's motion be granted.  (Doc. 28).  Plaintiff filed objections.  (Doc. 31).  The Court agreed with the magistrate judge that plaintiff had not exhausted his administrative remedies against Friesorger or Shaw.  As such, the Court adopted the MJRR, granted defendants' motion, and dismissed plaintiff's claims against Friesorger and Shaw without prejudice.  (Doc. 33).

Regarding Tantchou, because she had not been served despite several attempts, the magistrate judge issued a MJRR on March 23, 2012, recommending that Tantchou be <u>sua sponte</u> dismissed without prejudice for failure to effect timely service. (Doc. 30).  Plaintiff did not timely filed objections to the MJRR.  Accordingly, on May 16, 2012, well past the 14 day time in which to file objections, the Court adopted the MJRR and dismissed Tantchou without prejudice.  (Doc. 35).  Further, because Tantchou was the only remaining defendant, the case was dismissed and closed.

On May 29, 2012, the Court received a paper by plaintiff styled "Plaintiff's Objections to Micheline Tantchou Being Sua Sponte Dismissed," which plaintiff signed and dated May 22, 2012.

III.

As an initial matter, plaintiff says he attempted to file objections to the MJRR, attaching a form from the MDOC regarding a disbursement for legal mail. Unfortunately, because the form is not dated, it cannot be discerned whether plaintiff timely submitted his objections.  Regardless, the Court, in its discretion, will consider plaintiff's objections.

2

Having reviewed the objections, plaintiff has failed to convince the Court that the magistrate judge erred in his recommendation.  The MJRR details the many service attempts upon Tantchou and the fact that it is ultimately plaintiff's responsibility to provide a correct address, not the Court.  Dismissing Tantchou without prejudice was appropriate.  Accordingly, plaintiff's objections are OVERRULED.

SO ORDERED.


Dated:  June 11, 2012                       S/Avern Cohn
                                            AVERN COHN
                                            UNITED STATES DISTRICT JUDGE



I hereby certify that a copy of the foregoing document was mailed to Milton Rickman, 252749, Chippewa Correctional Facility, 4269 W. M-80, Kincheloe, MI 49784 and the attorneys of record on this date, June 11, 2012, by electronic and/or ordinary mail.


                                            S/Julie Owens
                                            Case Manager, (313) 234-5160

3