**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

MILTON RICKMAN,

    *Plaintiff,*                            CASE NO. 11-CV-13079

*v.*                                               DISTRICT JUDGE AVERN COHN
                                                   MAGISTRATE JUDGE CHARLES BINDER

MICHELINE TANTCHOU, M.D.;
SCOTT FRIESORGER; JEFF SHAW;

    *Defendants*.
_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON
PLAINTIFF'S MOTION TO REOPEN CASE**
(Doc. 38)

**I.**      **RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that Plaintiff's motion be **DENIED**.

**II.**      **REPORT**

     **A.**      **Introduction**

Plaintiff Milton Rickman, a state prisoner currently housed at the Chippewa Correctional Facility in Kincheloe, Michigan, filed this *pro se* federal civil rights action under 42 U.S.C. § 1983, alleging that his constitutional rights were violated when he was incarcerated at the Pine River Correctional Facility ("SPR") in St. Louis, Michigan. (Compl., Doc. 1.) On April 12, 2012, judgment was entered in favor of Defendants Friesorger and Shaw because Plaintiff failed to exhaust his administrative remedies with regard to all claims brought against them. (Doc. 34.) On

May 16, 2012, all claims against Defendant Micheline Tantchou were dismissed without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure for failure to serve process within the time period allowed where the U.S. Marshal's reasonable efforts to serve Defendant Tantchou were unsuccessful and Plaintiff was unable to provide a current address. (Doc. 35.) As Defendant Tantchou was the only remaining defendant, the case was closed. (*Id.*)

On July 19, 2012, two months after the case was closed, Plaintiff filed the instant motion to reopen the case, which was referred by U.S. District Judge Avern Cohn to the undersigned magistrate judge on July 23, 2012. (Doc. 39.) Accordingly, pursuant to E.D. Mich. LR 7.1(f)(1), the motion is ready for report and recommendation.

**B.     Analysis & Conclusion**

Plaintiff moves to reopen the case, stating that he is able to provide a new address at which to serve Defendant Tantchou. (Doc. 38.) The basis for the dismissal of Defendant Tantchou and the closure of the case was Rule 4(m) of the Federal Rules of Civil Procedure, which provides for dismissal without prejudice to refiling. Fed. R. Civ. P. 4(m); *U.S. v. 2,164 Watches*, 366 F.3d 767, 773 (9th Cir. 2004) ("A dismissal for untimely service is required to be a dismissal without prejudice"; . . . such a dismissal "ordinarily enables the plaintiff to refile the complaint and effect timely service."). An exception to this rule is found in the Advisory Committee Notes to Rule 4, which provide that "[r]elief [from dismissal] may be justified, for example, if the applicable statute of limitations would bar the refiled action . . . ." Fed. R. Civ. P. 4, Advisory Committee Notes (1993 Amendments). *See also Frasca v. United States*, 921 F.2d 450, 453 (2d Cir. 1990) ("[T]he statute of limitations for the underlying claim is tolled during [the 120–day] period[, but if] service is not complete by the end of the 120 days . . . the governing statute of limitations again becomes

applicable, and the plaintiff must refile prior to the termination of the statute of limitations period.")

In this case, Plaintiff's complaint alleged that Defendant Tantchou violated his civil rights in June 2010. (Compl. ¶ 4.) The statute of limitations for civil rights violations that allegedly took place in the State of Michigan is three years. *See Carroll v. Wilkerson*, 782 F.2d 44, 44-45 (6th Cir. 1986). Thus, the earliest possible date the statute of limitations could expire on Plaintiff's claims is in June 2013.

This case was dismissed without prejudice, "which generally means that Plaintiff can resurrect his lawsuit only by filing a new complaint." *U.S. v. Ligas*, 549 F.3d 497, 503 n.2 (7th Cir. 2008). Here, where the statute of limitations has not expired on Plaintiff's claims against Defendant Tantchou, I suggest that Plaintiff does not meet the exception to the general rule that he is required to resurrect his lawsuit by filing a new complaint against Defendant Tantchou. Accordingly, I suggest that Plaintiff's motion to reopen the case be denied.

**III.   REVIEW**

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d

947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

                                                s/ Charles E. Binder
                                                CHARLES E. BINDER
Dated: August 1, 2012                     United States Magistrate Judge

## **CERTIFICATION**

    I hereby certify that this Report and Recommendation was electronically filed this date, electronically served on Joshua Marcum, and served by first class mail on Milton Rickman, #252749, Chippewa Correctional Facility, 4269 W. M-80, Kincheloe, MI, 49784.

Date:  August 1, 2012                  By     s/*Jean L. Broucek*
                                                  Case Manager to Magistrate Judge Binder