UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MILTON RICKMAN,

    Plaintiff,

v.                                                                                                            Case No. 11-13079

MICHELINE TANTCHOU, M.D.,                                            HON. AVERN COHN
SCOTT FRIESORGER, and
JEFF SHAW,

    Defendants.

_____/

**ORDER**
**ADOPTING REPORT AND RECOMMENDATION (Doc. 40)**
**AND**
**DENYING PLAINTIFF'S MOTION TO REOPEN THE CASE (Doc. 38)**

I.

This is a prisoner civil rights case under 42 U.S.C. § 1983 which has closed. Plaintiff, proceeding pro se, claimed that defendants have violated his constitutional rights under the First, Eighth, and Fourteenth Amendments. Plaintiff's claims stem from having his medical detail for a double mattress removed. Plaintiff sued Micheline Tantchou (Tantchou), a physician, alleging she improperly removed the medical detail. Plaintiff also sued Scott Friesorger (Friesorger) and Jeff Shaw (Shaw), employees of the Michigan Department of Correction (MDOC), alleging they conspired to have his double mattress taken away in retaliation for an earlier grievance plaintiff filed against Shaw. The matter was referred to a magistrate judge for all pretrial proceedings. (Doc. 7).

Before the Court are plaintiff's objections to the magistrate judge's

recommendation that plaintiff's motion to reopen the case be denied. For the reasons that follow, the magistrate judge's recommendation will be adopted and plaintiff's motion to reopen will be denied.

II.

A.

Friesorger and Shaw filed a summary judgment motions on the grounds that plaintiff had failed to exhaust his administrative remedies as to them. (Doc. 11). The magistrate judge issued a report and recommendation (MJRR) recommending that Friesorger and Shaw's motion be granted. (Doc. 28). Plaintiff filed objections. (Doc. 31). The Court agreed with the magistrate judge that plaintiff had not exhausted his administrative remedies against Friesorger or Shaw. Accordingly, the Court adopted the MJRR, granted defendants' motion, and dismissed plaintiff's claims against Friesorger and Shaw without prejudice. (Doc. 33).

B.

Regarding Tantchou, she has not been served despite several attempts. On March 23, 2012, the magistrate judge issued a MJRR, recommending that Tantchou be <u>sua sponte</u> dismissed without prejudice for failure to effect timely service. (Doc. 30). Plaintiff did not file objections to the MJRR. Accordingly, on May 16, 2012, the Court adopted the MJRR and dismissed plaintiff's claims against Tantchou without prejudice for failure to effect service. (Doc. 35). Because Tantchou was the sole remaining defendant, the Court also closed the case.

Almost two months after the case was closed, on July 19, 2012, plaintiff filed a

motion to reopen the case, contending he is able to provide an address for Tantchou for service. The magistrate judge recommends that the motion be denied, explaining that plaintiff's claims against Tantchou were dismissed without prejudice and plaintiff still has time remaining in which to file a complaint against Tantchou. Thus, the magistrate judge concludes there is no good reason to allow plaintiff to reopen the case instead of filing a new complaint.

III.

A district court must conduct a de novo review of the parts of a magistrate judge's report and recommendation to which a party objects. 28 U.S.C. § 636(b)(1). The district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate" judge. Id. The requirement of de novo review "is a statutory recognition that Article III of the United States Constitution mandates that the judicial power of the United States be vested in judges with life tenure." United States v. Shami, 754 F.2d 670, 672 (6th Cir. 1985).

A general objection, or one that merely restates the arguments previously presented, is not sufficient to alert the court to alleged errors on the part of the magistrate judge. An "objection" that does nothing more than state a disagreement with a magistrate judge's suggested resolution, or simply summarizes what has been presented before, is not an objection as that term is used in this context. Howard v. Sec'y of Health and Human Servs., 932 F.2d 505, 508 (6th Cir. 1991) ("It is arguable in this case that Howard's counsel did not file objections at all.... [I]t is hard to see how a district court reading [the 'objections'] would know what Howard thought the magistrate had done wrong.").

IV.

Plaintiff's objections fail to convince the Court that the case should be reopened in order to serve Tantchou. As explained in the MJRR recommending that Tantchou be dismissed, much effort was expended to locate and serve Tantchou.[1] Although plaintiff says he was not given enough time to find Tantchou and states that he requested the MDOC and Corizon Health to provide Tantchou's address to the Marshals, it is plaintiff's obligation to provide an address for service. Moreover plaintiff was given ample time and multiple attempts at service were made before the case was closed. At this point, plaintiff has the option to file another complaint against Tantchou.

Accordingly, the findings and conclusions of the magistrate judge are ADOPTED

---

[1]The efforts relating to service on Tantchou are as follows: Plaintiff stated in his complaint, filed on July 15, 2011, that Tantchou was employed at the St. Louis Pine River Correctional Facility. (Compl., Doc. 1 ¶ 9.) On August 22, 2011, the magistrate judge directed the U.S. Marshal to serve process on Tantchou. (Doc. 8.) The next docket entry relating to Tantchou is dated November 2, 2011, and states that the U.S. Marshal made a second attempt to serve Tantchou by mailing the complaint to a new address that was provided by the Michigan Department of Corrections ("MDOC"). The waiver was not returned and no appearance was filed on behalf of Tantchou. On January 5, 2012, the magistrate judge ordered the U.S. Marshal to personally serve Tantchou at the address provided by the MDOC. (Doc. 20.). The magistrate judge's was late notified by the Marshal's office that personal service at that address failed because the address was the headquarters of Corizon Health, and Corizon stated that they will not accept service because Tantchou is not an employee of Corizon. On January 30, 2012, Plaintiff was ordered to show cause why the claims against Tantchou should not be dismissed for failure to serve process. (Doc. 21.) Plaintiff responded and filed a motion to serve Tantchou at a new address plaintiff provided. (Doc. 26.). The magistrate judge granted the motion and the Marshal's office was directed to serve process at the new address. (Doc. 27.) On March 22, 2012, the Marshal attempted service at the new address but was unsuccessful. An employee at that location stated that Tantchou no longer works there
and that they have "no forwarding information." (Doc. 29.)

as the findings and conclusions of the Court.  Plaintiff's motion to reopen is DENIED.

    SO ORDERED.


                                   S/Avern Cohn
                                AVERN COHN
                                UNITED STATES DISTRICT JUDGE

Dated:  August 23, 2012


I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, August 23, 2012, by electronic and/or ordinary mail.

                                 S/Julie Owens
                                Case Manager, (313) 234-5160