UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MILTON RICKMAN,

    Plaintiff,

v.                                                        Case No. 11-13079

MICHELINE TANTCHOU, M.D.,             HON. AVERN COHN
SCOTT FRIESORGER, and
JEFF SHAW,
    Defendants.
_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (Doc. 48)

I.

This is a prisoner civil rights case under 42 U.S.C. § 1983 which is closed. In 2011, plaintiff, proceeding pro se, filed a complaint claiming that defendants violated his constitutional rights under the First, Eighth, and Fourteenth Amendments. Plaintiff's claims stemmed from having his medical detail for a double mattress removed. Plaintiff sued Micheline Tantchou (Tantchou), a physician, alleging she improperly removed the medical detail. Plaintiff also sued Scott Friesorger (Friesorger) and Jeff Shaw (Shaw), employees of the Michigan Department of Correction (MDOC), alleging they conspired to have his double mattress taken away in retaliation for an earlier grievance plaintiff filed against Shaw. The matter was referred to a magistrate judge for pretrial proceedings. (Doc. 7).

Plaintiff's claims against Friesorger and Shaw were dismissed without prejudice for failure to exhaust administrative remedies. (Doc. 33). Plaintiff's claims against Tantchou were dismissed without prejudice for failure to effect service. (Doc. 35).

Because Tantchou was the sole remaining defendant, the case was closed upon her dismissal on May 16, 2012 (Doc. 35).

Over a year later, on April 25, 2013, plaintiff filed a motion to leave to file an amended complaint. (Doc. 46). The Court denied the motion. (Doc. 48).

Before the Court is plaintiff's motion styled "New Trial, Altering or Amending Judgment," in which he asks the Court to reconsider the denial of his motion to amend. For the reasons that follow, the motion is DENIED.

II.

Although plaintiff appears to have moved under Rule 59(e)[1] to alter or amend the judgment, plaintiff's motion is more properly deemed a motion for reconsideration and the Court construes it as such. Local Rule 7.1(h) allows a party to file a motion for reconsideration. E.D. Mich. LR 7.1(h). However, a motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted. Czajkowski v. Tindall & Associates, P.C., 967 F.Supp. 951, 952 (E.D. Mich. 1997). The movant shall not only demonstrate a palpable defect by which the court and the parties have been misled, but also show that a different disposition of the case must result from a correction of any such defect. A palpable defect is a defect that is obvious, clear, unmistakable, manifest, or plain. Witzke v. Hiller, 972 F.Supp. 426, 427 (E.D. Mich. 1997).

---

[1] Motions to alter or amend judgment under Fed. R. Civ. P. 59(e) may be granted only if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice. GenCorp., Inc. v. Am. Int'l Underwriters, 178 F.3d 804, 834 (6th Cir. 1999).

III.

Plaintiff has not satisfied this standard. Plaintiff's motion presents the same arguments considered and rejected in denying his motion to amend. As the Court explained:

> Plaintiff's amended complaint is substantially the same as the original complaint, from which all defendants have been dismissed. Plaintiff's motion comes too late. Allowing the plaintiff's proposed amendment would reopen a case that is closed. The interests of justice do not favor permitting the plaintiff to amend his complaint.

Again, if plaintiff wishes to pursue his claims against any of the defendants, or against new defendants, he must file a new complaint.

SO ORDERED.

    S/Avern Cohn
    AVERN COHN
    UNITED STATES DISTRICT JUDGE

Dated: June 6, 2013

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, June 6, 2013, by electronic and/or ordinary mail.

    S/Sakne Chami
    Case Manager, (313) 234-5160